*CATH, Springfield*

| CDIL PROB 22 (Rev. 4/97) **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 06-10013-003 |
| --- | --- |
| | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Kevin Williams | DISTRICT: CENTRAL DISTRICT OF ILLINOIS | DIVISION Peoria |
| --- | --- | --- |

**08CR 0091**

**JUDGE KOCORAS**

| | NAME OF SENTENCING JUDGE Joe B. McDade | | |
| --- | --- | --- | --- |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 06/14/07 | TO 06/13/12 |

| OFFENSE Production of Child Pornography | **MAGISTRATE JUDGE NOLAN** |
| --- | --- |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 12/17/07 _____ Date | _Michael M. Mihm_ MICHAEL M. MIHM United States District Judge |
| --- | --- |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| JAN 2 4 2008 _____ Effective Date | _James F. Holderman_ United States District Judge |
| --- | --- |

# FILED

FEB 1 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

PAMELA E. ROBINSON
CLERK OF COURT

TEL: 309-671-7117

### OFFICE OF THE CLERK
US COURTHOUSE
100 NE MONROE
309 FEDERAL BLDG.
PEORIA, IL. 61602

*FILED*

*FEB 1 9 2008*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

February 13, 2008

In Re: 06-10013-03 USA v Kevin Williams
NDIL case 08CR0091

Dear Clerk:

On **December 17, 2007**, an order by the Honorable **Michael M. Mihm, US District Judge**, was entered transferring the above-mentioned case from this District Court to the US District Court, Northern District of Illinois.

Enclosed is a certified copy of the docket sheet and financial records. This court is using the electronic filing system. You may access our electronic case file at the following address: to obtain the remaining documents. We have assigned a login and password for district courts to use in accessing this information. The login is: and the password is 42=torog. This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system. You will need Adobe Acrobat Reader loaded on your computer in order to view the documents.

Please acknowledge receipt of the docket by returning a copy of this letter.

Very truly yours,
PAMELA E. ROBINSON, CLERK

By s/ T. Kelch
Deputy Clerk

**RECEIPTED ACKNOWLEDGED ON:**

**BY**

APPEAL

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
## CRIMINAL DOCKET FOR CASE #: 1:06-cr-10013-JBM-JAG-3
### Internal Use Only

Case title: USA v. Williams et al

Date Filed: 02/16/2006
Date Terminated: 01/04/2007

Assigned to: Judge Joe Billy
McDade
Referred to: Magistrate Judge
John A. Gorman

Appeals court case number: '07-
1147' 'CA 7'

### Defendant (3)

**Kevin . Williams**
*TERMINATED: 01/04/2007*

represented by **Timothy J Cusack**
PO Box 10461
Peoria, IL 61612-0461
309-678-6969
Fax: 309-673-2612
Email:
timothycusack@sbcglobal.net
*TERMINATED: 09/05/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**William K Holman**
WILLIAM K HOLMAN
124 NE Madison Ave
Peoria, IL 61602-1228
309-677-6342
Fax: 309-673-3946
Email: wwkholman@aol.com
*TERMINATED: 03/08/2007*

A TRUE COPY
ATTEST:
PAMELA E. ROBINSON, CLERK
BY:
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE:

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**William C Martin**
DLA PIPER
203 North LaSalle Street
Chicago, IL 60601
312-368-3449
Fax: 312-630-7318
Email:
william.martin@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Seventh Circuit*
*Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:2251.F: On or about 12/26 & 12/27/04 in CDIL Defts did produce child pornography in violation of 18:2251(a) &2/SEXUAL EXPLOITATION OF CHILDREN (2s) | 12mo, 1 day BOP; 5 yrs SR; $100.00 special assessment |

**Highest Offense Level
(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:2251.F: Beginning in or about 12/04 through 12/05, Defts, in McLean County did conspire together to produce child pornography in violation of 18:2251(a)&(e)/SEXUAL EXPLOITATION OF CHILDREN (1) | dismissed by govt |

18:2251.F: Beginning 12/04

through 12/05 in CDIL, Defts did
conspire to produce child
pornography in violation of                    dismissed by govt
18:2251(a) & (e)/ SEXUAL
EXPLOITATION OF
CHILDREN
(1s)

## Highest Offense Level
## (Terminated)

Felony

## Complaints                          ## Disposition

None

---

## Plaintiff

**USA**                    represented by    **Thomas A Keith**
                                            US ATTY
                                            One Technology Plaza
                                            Suite 400
                                            211 Fulton St
                                            Peoria, IL 61602
                                            309-671-7050
                                            Fax: 309-671-7259
                                            Email: tom.keith@usdoj.gov
                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/16/2006 | 27 | *SEALED* +++ **SEALED INDICTMENT** as to Tyrone Lenard Williams (1) count(s) 1s, 2s, Robert Lee Williams (2) count(s) 1s, Kevin. Williams (3) count(s) 1, Sarah Leeann Smith (4) count(s) 1s, Brian Keith Isaac (5) count(s) 1, Douglas McKinley Evans (6) count(s) 1. (HK, ilcd) (Entered: 03/20/2006) |
| 03/29/2006 | | ORDER granting 47 Motion to Continue as to Brian Keith Isaac (5); granting 37 Motion to Continue as to Douglas McKinley Evans (6) -- Pretrial Conference set for 04/06/06 and Jury Trial set for 04/17/06 are VACATED. The pretrial conference is |

| | | |
|---|---|---|
| | | RESET to Friday, 04/21/06 at 3:00 PM, in person FOR ALL DEFENDANTS, in Courtroom D before Judge Joe Billy McDade. Entered by Judge Joe Billy McDade on 03/29/06. (DC, ilcd) (Entered: 03/29/2006) |
| 03/29/2006 | | Set/Reset Deadlines/Hearings as to Tyrone Lenard Williams, Robert Lee Williams, Sarah Leeann Smith, Kevin Williams, Brian Keith Isaac, Douglas McKinley Evans: Pretrial Conference set for 04/06/06 and Jury Trial set for 04/17/06 is VACATED. The Pretrial Conference FOR ALL DEFENDANTS is RESET to Friday, 04/21/06 at 3:00 PM, in person, in Courtroom D before Judge Joe Billy McDade. (DC, ilcd) (Entered: 03/29/2006) |
| 05/26/2006 | 52 | MOTION *FOR VIDEO-TAPED DEPOSITION OF A CHILD* by USA as to Tyrone Lenard Williams, Robert Lee Williams, Sarah Leeann Smith, Kevin. Williams, Brian Keith Isaac. (Keith, Thomas) (Entered: 05/26/2006) |
| 05/31/2006 | | NOTICE OF HEARING ON MOTION in case as to Tyrone Lenard Williams (1), Sarah Leeann Smith(4), Kevin Williams (3) re: 52 Government's Motion for Video-taped Deposition of a Child. Motion Hearing set for 6/20/2006 09:30 AM before Judge Joe Billy McDade in person in Peoria. (RK, ilcd) (Entered: 05/31/2006) |
| 06/20/2006 | | Minute Entry for proceedings held before Judge Joe Billy McDade: Parties present in o/c by AUSA T. Keith for the Govt. and Atty T. Iben with Dft Tyrone Williams (1) and Atty M. Wertz with Dft Sarah L. Smith (4) for in person motion hearing held on 6/20/06. Defense counsel has no objection to #52 Motion for Video-taped Deposition of a Child. Court grants 52 Motion. Court vacates Jury Trial set 7/10/06 and Final Pretrial Conference set 6/23/06. Court sets a Telephone Status Conference for ATTORNEYS ONLY for 7/10/06 at 9:30 a.m. before Judge Joe B. McDade. Court will set up the call. Court finds that it is in the interest of justice to find the time from today to a date certain to be excludable pursuant to the Speedy Trial Act. Excludable XT started as to Tyrone Lenard Williams and Sarah Leeann Smith. Dfts remanded to the custody of the USM.(Court Reporter NM.) (RK, ilcd) (Entered: 06/20/2006) |
| 06/22/2006 | 57 | SECOND SUPERSEDING INDICTMENT as to Tyrone Lenard Williams (1) counts: 1ss, 2ss, 3ss-5ss, 6ss, Kevin Williams (3) counts: 1s, 2s, Sarah Leeann Smith (4) counts: 1ss, 2ss. |

| | | |
|---|---|---|
| | | (Entered: 06/23/2006) |
| 08/01/2006 | | Minute Entry for proceedings held before Judge John A. Gorman : Parties present in open court by AUSA Knauss (for Keith) and CJA Cusack with defendant Kevin Williams for Initial Appearance/Arraignment on Tuesday 8/1/06 at 11:30 AM. Dft advised of charges and possible penalties. Dft advised of right to hire counsel. Dft requests appointed counsel. Court questions Dft as to financial status. Court finds dft indigent and will appoint Tim Cusack. Dft waives reading of indictment in open court. Dft enters plea of not guilty to all counts and same received and entered of record. Court advises dft of constitutional right to jury trial. Case remains set for Jury Trial on 9/18/2006 at 9:00 AM and Pretrial Conference set for 9/1/2006 at 1:30 PM in Courtroom D before Judge Joe Billy McDade. Govt requests detention of the dft. Case is set for Detention hearing at 9:45 on Thursday 8/3/06 before Judge Gorman in courtroom C. Dft remanded to custody of USM. Scheduling Order to enter. Detention order to enter. Section 4 to counsel. (Tape #C478 773-987.) (SM, ilcd) Modified on 8/1/2006 (SM, ilcd). (Entered: 08/01/2006) |
| 08/01/2006 | | Set Hearings as to Kevin. Williams: Detention Hearing set for 8/3/2006 at 9:45 AM in Courtroom C before Magistrate Judge John A. Gorman. (SM, ilcd) (Entered: 08/01/2006) |
| 08/01/2006 | 60 | CJA 23 Financial Affidavit by Kevin Williams. (SM, ilcd) Modified on 8/2/2006 (SM, ilcd). (Entered: 08/02/2006) |
| 08/01/2006 | 61 | SCHEDULING ORDER as to Kevin Williams . Entered by Judge John A. Gorman on 8/1/06. (SM, ilcd) Modified on 8/2/2006 (SM, ilcd). (Entered: 08/02/2006) |
| 08/01/2006 | 62 | ORDER OF TEMPORARY DETENTION pending hearing as to Kevin Williams . Entered by Judge John A. Gorman on 8/1/06. (SM, ilcd) Modified on 8/2/2006 (SM, ilcd). Modified on 8/2/2006 (SM, ilcd). (Entered: 08/02/2006) |
| 08/01/2006 | 65 | ORDER CJA 20 as to Kevin Williams: Appointment of Attorney Timothy J Cusack for Kevin Williams. Entered by Judge John A. Gorman on 8/1/6. (HK, ilcd) (Entered: 08/08/2006) |
| 08/02/2006 | 63 | Arrest Warrant Returned Executed on 7/31/06 as to Kevin. Williams. (TK, ilcd) (Entered: 08/02/2006) |
| | | |

| | | |
|---|---|---|
| 08/03/2006 | | ORAL MOTION to Continue Detention Hearing by Kevin Williams. (SM, ilcd) (Entered: 08/03/2006) |
| 08/03/2006 | | Minute Entry for proceedings held before Judge John A. Gorman: Parties present in open court by AUSA Keith and CJA Cusack with dft Kevin Williams for Preliminary/Detention Hearing on Thursday 8/3/06 at 9:45 AM. Oral motion by dft requesting continuance of Preliminary/Detention Hearing GRANTED. No objections by the government. Dft remanded to custody of the USM. (Tape #C478 2180-2257.) (SM, ilcd) (Entered: 08/03/2006) |
| 08/07/2006 | | Minute Entry for proceedings held before Judge John A. Gorman: Parties present in open court by AUSA Keith and CJA Cusack with dft Kevin Williams for Detention Hearing on Monday 8/7/2006 at 10:30 AM. Same held. Dft proffers evidence - dft rests. Argument by parties re detention. Dft remanded to custody of USM. (Tape #C479 (90-423)) (SM, ilcd) (Entered: 08/07/2006) |
| 08/07/2006 | 64 | ORDER OF DETENTION pending trial as to Kevin Williams. Entered by Judge John A. Gorman on 8/7/06. (SM, ilcd) (Entered: 08/07/2006) |
| 09/01/2006 | | Minute Entry for proceedings held before Judge Joe Billy McDade: Parties present in o/c by AUSA T. Keith for the Govt. and Atty T. Iben with Tyrone Williams (1) and Atty T. Cusack with Dft Kevin Williams (3) for Final Pretrial Conference held on 9/1/2006. Dft T. Williams requests a change of plea date. Allowed. Change of Plea set 9/26/06 at 1:00 p.m. for Dft T. Williams before Judge Joe B. McDade. Jury trial date of 9/18/06 is VACATED. Counsel for Dft K. Williams makes oral motion to withdraw as counsel. Court allows withdraw and directs Clerk to appoint new CJA counsel. Jury Trial date of 9/18/06 is VACATED with a new jury trial date of 10/16/06. Telephone Status Conference set for 9/5/2006 09:30 AM before Judge Joe Billy McDade. Clerk directed to issue telephone writ for Dft K. Williams' participation. Court finds that it is in the interest of justice to find the time from today to 10/16/06 for Dft Kevin Williams to be excludable pursuant to the Speedy Trial Act. Excludable XT started and stopped as to Kevin Williams. Dfts remanded to the custody of the USM. (Court Reporter D. Doubet.) (RK, ilcd) (Entered: 09/01/2006) |
| 09/01/2006 | 73 | Writ of Habeas Corpus ad Testificandum (Telephone) Issued as |

| | | |
|---|---|---|
| | | to Kevin Williams for 9/5/06 at 9:30 a.m. in case as to Kevin Williams before Judge Joe B. McDade. (RK, ilcd) (Entered: 09/01/2006) |
| 09/01/2006 | | Set/Reset Deadlines/Hearings as to Kevin Williams: Telephone Status Conference set for 9/5/2006 IS CHANGED IN TIME ONLY FROM 9:30 AM to 01:00 PM before Judge Joe Billy McDade. (RK, ilcd) (Entered: 09/01/2006) |
| 09/01/2006 | 74 | Writ of Habeas Corpus ad Testificandum (Telephone) Issued as to Kevin Williams for 9/5/06 at 1:00 PM before Judge Joe B. McDade. (RK, ilcd) (Entered: 09/01/2006) |
| 09/05/2006 | | Minute Entry for proceedings held before Judge Joe Billy McDade: Parties present by phone by Atty T. Keith for the Govt. and CJA Atty B. Holman with Dft Kevin Williams for Telephone Status Conference held on 9/5/2006. Defense makes oral motion for continuance of the jury trial date. Allowed. Jury trial set 10/16/06 is VACATED. Court sets a Telephone Status Conference (attorneys only) set for 10/5/2006 09:30 AM before Judge Joe Billy McDade. Court to initiate the call. Court finds that it is in the interes of justice to find the time from today until a new jury trial date is set to be excludable pursuant to the Speedy Trial Act. Excludable XT started as to Kevin Williams. (Court Reporter NM.) (RK, ilcd) (Entered: 09/05/2006) |
| 09/05/2006 | | Attorney update in case as to Kevin. Williams. Attorney William K Holman for Kevin Williams added. Attorney Timothy J Cusack terminated. (RK, ilcd) (Entered: 09/19/2006) |
| 09/19/2006 | | Set/Reset Deadlines/Hearings as to Kevin Williams: Change of Plea Hearing set for 9/20/2006 at 11:00 AM before Judge Joe Billy McDade. (RK, ilcd) (Entered: 09/19/2006) |
| 09/20/2006 | | Minute Entry for proceedings held before Judge Joe Billy McDade: Parties present in open court by AUSA Thomas Keith/Attorney William Holman with dft Kevin Williams forChange of Plea Hearing as to Kevin Williams held on 9/20/2006. Written plea agreement filed. Dft sworn and answers questions propounded to him by the Court and Court finds the dft competent to proceed. Court advises dft of consequences if found quilty. Dft waives his right to appeal except a sentence above the maximum provided by statute and guidelines. Court advises dft of constitutional right to a jury trial. Statement made by dft re what actually occurred. AUSA makes factual basis. |

| | | Same agreed to and approved by dft and his attorney. Plea entered by dft Kevin Williams (3) of Guilty to Count 2ss, which is this defendant's FIRST Superseding indictment, subject to agreement. Court neither accepts nor rejects agreement and matter is referred to the Probation Office for a Presentence Investigation and Report. Judgment of conviction entered. Case is set for a Decision on Agreement and Possible Sentencing on Thursday, 11/16/2006, at 01:15 PM in Courtroom D before Judge Joe Billy McDade. Order on Implementation of Sentencing Guidelines entered. Dft remanded to the custody of the US Marshal.(Court Reporter NM.) (ML, ilcd) Modified on 11/6/2006 to reflect that count 2ss is Count 2 of the SECOND Superseding Indictment which is this dft's FIRST Superseding Indictment.(ML, ilcd). (Entered: 09/20/2006) |
|---|---|---|
| 09/20/2006 | 76 | ORDER On Implementation of Sentencing Guidelines as to dft Kevin Williams entered by Judge Joe Billy McDade on 9/20/06. (ML, ilcd) (Entered: 09/20/2006) |
| 09/20/2006 | | TEXT ORDER entered by Judge Joe Billy McDade on 9/20/06: The Decision on Agreement and Possible Sentencing as to dft Kevin Williams previously set on Thursday, 11/16/06, at 1:15 p.m. is CANCELLED AND RESET TO Decision on Agreement and Possible Sentencing on Thursday, 1/4/2007, at 01:15 PM in Courtroom D before Judge Joe Billy McDade. (ML, ilcd) (Entered: 09/20/2006) |
| 09/20/2006 | 77 | PLEA AGREEMENT AND STIPULATION OF FACTS as to dft Kevin Williams (ML, ilcd) (Entered: 09/20/2006) |
| 09/20/2006 | | Notice of Docket Text or Event Modification - Text of minute entry of 9/20/06 modified to reflect that defendant Kevin Williams pled guilty to Count 2ss, which is count 2 of the Second Superseding Indictment. (As reflected on the docket sheet, the Second Superseding Indictment is this defendant's FIRST Superseding Indictment, as he was not named in the original indictment, but added to the case by the filing of the FIRST Superseding Indictment.)(ML, ilcd) (Entered: 11/06/2006) |
| 09/22/2006 | 78 | MOTION to Withdraw Plea of Guilty and MOTION for Bond filed in letter form to Judge McDade dated 9/21/06 by Kevin. Williams. (TK, ilcd) (Entered: 09/22/2006) |
| 09/25/2006 | 79 | Letter from Clerk to Kevin Williams advising him that his |

| | | |
|---|---|---|
| | | 9/22/06 letter was forwarded to his attorney William Holman. (RK, ilcd) (Entered: 09/25/2006) |
| 09/26/2006 | 80 | MOTION to Withdraw as Attorney by William K. Holman. by Kevin. Williams. (Holman, William) (Entered: 09/26/2006) |
| 09/29/2006 | | Set/Reset Deadlines/Hearings as to Kevin Williams: Telephone Status Conference set 10/5/06 at 9:30 a.m. is CONVERTED to a In Person Motion Hearing for 10/5/2006 at 9:00 AM before Judge Joe Billy McDade in person in Peoria. Dft to be present. NOTE CHANGE IN TIME. (RK, ilcd) (Entered: 09/29/2006) |
| 10/05/2006 | | Minute Entry for proceedings held before Judge Joe Billy McDade: Parties present in open court by AUSA Thomas Keith/Attorney William Holman with dft Kevin Williams for Motion Hearing as to dft Kevin Williams held on 10/5/2006 re 78 MOTION for Bond/MOTION to Withdraw Plea of Guilty filed by Kevin Williams, 80 MOTION to Withdraw as Attorney by William K. Holman filed by Kevin Williams. Same held with oral argument by counsel. Court is denying 78 Motion for Bond as to Kevin Williams (3); denying 78 Motion to Withdraw Plea of Guilty as to Kevin Williams (3); denying 80 Motion to Withdraw as Attorney as to Kevin Williams (3). Case remains set for Sentencing on January 4, 2007, at 1:15 p.m. Dft remanded to custody of US Marshal. (Court Reporter NM.) (ML, ilcd) (Entered: 10/05/2006) |
| 10/05/2006 | 82 | Arrest Warrant Returned Executed on 7/31/06 as to Kevin. Williams.Dft arrested in Chicago, IL. (TK, ilcd) (Entered: 10/05/2006) |
| 10/18/2006 | 84 | First MOTION for Release from Custody *On Electronic Monitoring* by Kevin. Williams. (Holman, William) (Entered: 10/18/2006) |
| 10/24/2006 | | TEXT ONLY ORDER by Judge John A. Gorman as to Kevin Williams. Bond Hearing set for Thursday, 10/26/2006 at 10:30 AM in person in Courtroom C before Magistrate Judge John A. Gorman. Entered on 10/24/06. (WW, ilcd) (Entered: 10/24/2006) |
| 10/26/2006 | | Minute Entry for proceedings held before Judge John A. Gorman : Parties present in open court by AUSA Keith and CJA Holman with dft Kevin Williams for Bond Hearing on Thursday, 10/26/06. Same held. Dft proffers evidence. Dft rests. 84 Motion for Release from Custody as to Kevin Williams (3) |

| | | DENIED. Court orders dft detained pending trial. Order of detention to enter. Dft remanded to the custody of the US Marshal. (Tape #C485 352-569.) (SM, ilcd) (Entered: 10/26/2006) |
|---|---|---|
| 10/26/2006 | 85 | ORDER OF DETENTION as to Kevin Williams. Entered by Judge John A. Gorman on 10/26/06. (SM, ilcd) (Entered: 10/26/2006) |
| 01/04/2007 | | Minute Entry for proceedings held before Judge Joe Billy McDade: AUSA Walters & Atty Holman present in open court with Kevin Williams for Sentencing. Same held on 1/4/2007 1:15pm for Kevin Williams. Court accepts plea. PSR discussed. Govt moves for downward departure pursuant to 18:3553(e). Dft & Atty make statements in mitigation of punishment. Dft sentenced on Ct 2ss to 12mo and 1 day BOP; 5 yrs SR; $100.00 special assessment with recommendations & special conditions Dft waives right to appeal & is remanded to custody of US Mar. Govt moves to dismiss counts 1s & 1ss-granted.(Court Reporter N. Mersot.) (HK, ilcd) (Entered: 01/04/2007) |
| 01/04/2007 | 110 | Clerk's Exhibit List re: Kevin Williams for sentencing hearing held 1/4/7 with exhibits. (HK, ilcd) (Entered: 01/05/2007) |
| 01/04/2007 | 111 | *SEALED* +++ **PRESENTENCE INVESTIGATION REPORT** as to Kevin. Williams (HK, ilcd) (RK, ilcd). (Entered: 01/05/2007) |
| 01/04/2007 | 112 | +++ **SENTENCING RECOMMENDATION** as to Kevin Williams. (HK, ilcd) (TK, ilcd). (Entered: 01/05/2007) |
| 01/08/2007 | 113 | +++ **STATEMENT OF REASONS FOR IMPOSING SENTENCE** as to Kevin. Williams, Tyrone Lenard Williams (HK, ilcd) (Entered: 01/08/2007) |
| 01/08/2007 | 114 | +++ **SEALED DOCUMENT-Unredacted J&C Kevin Williams.** (HK, ilcd) (Entered: 01/08/2007) |
| 01/08/2007 | 115 | JUDGMENT as to Kevin Williams (3):Count 2ss:12 month, 1 day BOP; 5 yrs SR; $100.00 special assessment. 1s & 1ss dismissed by govt. Dft remanded. Entered by Judge Joe Billy McDade on 1/8/7. (HK, ilcd) (Entered: 01/08/2007) |
| 01/18/2007 | 122 | Official Court Reporter's TRANSCRIPT of Sentencing Proceedings as to Kevin Williams held on 1/4/07 before Judge McDade. Court Reporter: NM. (RK, ilcd) (Entered: 01/18/2007) |
| | | |

| 01/18/2007 | 124 | NOTICE OF APPEAL by USA as to Kevin. Williams (Keith, Thomas) (Entered: 01/18/2007) |
| 01/19/2007 | 127 | Short Record of Appeal as to Kevin. Williams sent to US Court of Appeals re 124 Notice of Appeal - Final Judgment (TK, ilcd) (Entered: 01/19/2007) |
| 01/23/2007 | 130 | NOTICE of Docketing Record on Appeal from USCA as to Kevin. Williams re 124 Notice of Appeal - Final Judgment filed by USA. USCA Case Number 07-1147 (TK, ilcd) (Entered: 01/24/2007) |
| 01/23/2007 | 131 | ORDER Entered by Judge Joe Billy McDade on 1/23/07 granting 129 Motion to Withdraw Document as to Tyrone Lenard Williams (1). IT IS ORDERED that Government counsel is granted leave of Court to withdraw the exhibits in order to prepare for appeal. (TK, ilcd) (Entered: 01/24/2007) |
| 01/29/2007 | 133 | Receipt by USA returning exhibits #100, 3-100, 3-110-1, 3-110-2, 3-110-3, 2-120-1, 2-120-2, 2-120-3, 2-120-4, 2-120-5, 2-120-6, 2-120-7, 2-120-8, 2-120-9, 2-120-10, 2-120-11, 2-120-12, 2-120-13, 2-120-14, 2-110-1, 2-110-2, 2-110-3, 2-110-4, 2-110-5, 2-110-6, 2-110-7, 2-110-8, 2-110-9, 4-100, 4-110-1, 4-110-2, 4-110-3, 3-110-4, 3-110-5, 3-110-6, 2-100, 5-110-1, 5-110-2, 5-110-3, 5-110-4, 5-110-5, and #10. (TK, ilcd) (Entered: 01/30/2007) |
| 02/01/2007 | 134 | Official Court Reporter's TRANSCRIPT of Change of Plea Proceedings as to Kevin Williams held on 9/20/2006 before Judge McDade. Court Reporter: NM. (RK, ilcd) (Entered: 02/01/2007) |
| 02/05/2007 | 135 | TRANSCRIPT REQUEST by USA as to Kevin. Williams for Sentencing proceedings held on 1/4/07 before Judge Joe B. McDade, re 124 Notice of Appeal - Final Judgment (TK, ilcd) (Entered: 02/05/2007) |
| 02/06/2007 | 136 | Judgment Returned Executed as to Kevin. Williams on 1/30/07. Dft delivered to FCI Waseca, MN on 1/30/07. (TK, ilcd) (Entered: 02/06/2007) |
| 02/06/2007 | 138 | Return Receipt for #89 Presentence Report, #90 Sentencing Recommendation, and #97 Statement of Reasons as returned to USPO re Brian Keith Isaac. (TK, ilcd) (Entered: 02/06/2007) |
| 02/08/2007 | 141 | Seventh Circuit TRANSCRIPT REQUEST by Kevin Williams for proceedings held on 10/5/06 before Judge McDade. (RK, |

| | | |
|---|---|---|
| | | ilcd) Modified on 2/8/2007 to reflect CC: 7th Circuit (RK, ilcd). (Entered: 02/08/2007) |
| 02/14/2007 | 142 | Official Court Reporter's TRANSCRIPT of Record of Proceedings Motion Hearing as to Kevin Williams held on 10/5/06 before Judge McDade. Court Reporter: NM. (RK, ilcd) (Entered: 02/14/2007) |
| 03/08/2007 | 145 | ORDER of USCA as to Kevin. Williams: IT IS ORDERED that the Motion to Withdraw is Granted. IT IS FURTHER ORDERED that attorney William C. Martin, DLA Piper is appointed to represent defendant, cross-appellee Kevin Williams. IT IS FURTHER ORDERED that the Clerk of the District Court shall permit court appointed counsel to withdraw the record on appeal. (TK, ilcd) (Entered: 03/08/2007) |
| 03/08/2007 | | Attorney update in case as to Kevin. Williams. Attorney William K Holman terminated. (TK, ilcd) (Entered: 03/08/2007) |
| 03/21/2007 | 148 | MOTION for Transmission of District Court Record to Appellate Counsel of Record by Kevin. Williams. (Martin, William) (Entered: 03/21/2007) |
| 03/21/2007 | | TEXT ORDER granting 148 Motion for Transmission of District Court Record to Appellate Counsel of Record as to Kevin Williams (3). Entered by Judge Joe Billy McDade on 03/21/07. (JBM2, ilcd) (Entered: 03/21/2007) |
| 03/22/2007 | | Remark: Original ROA as to Dft Kevin . Williams consisting of 1 volume of pleadings forwarded to atty William C. Piper by Clerk, requesting acknowledgement of receipt. (TK, ilcd) Modified on 4/25/2007 (TK, ilcd). (Entered: 03/22/2007) |
| 03/30/2007 | | Remark: Original ROA consisting of 1 volume of pleadings returned from atty William C. Martin. (TK, ilcd) (Entered: 03/30/2007) |
| 04/02/2007 | 150 | Receipt from atty William C. Martin for withdrawal of original ROA consisting of 1 volume of pleadings as to Kevin. Williams. (TK, ilcd) (Entered: 04/02/2007) |
| 04/25/2007 | | Notice of Docket Text or Event Modification re Remark entered on 3/22/07: Remark modified for clarification by Clerk to include Dft Kevin Williams. (TK, ilcd) (Entered: 04/25/2007) |
| 04/26/2007 | 152 | ORDER Entered by Judge Joe Billy McDade on 4/26/07 granting 151 Motion to Withdraw Document as to Tyrone |

| | | |
|---|---|---|
| | | Lenard Williams (1). (TK, ilcd) (Entered: 04/26/2007) |
| 05/18/2007 | 154 | MANDATE of USCA (certified copy) as to Kevin. Williams re 124 Notice of Appeal - Final Judgment:IT IS ORDERED that this cause is DISMISSED, pursuant to Federal Rule of Appellate Procedure 42(b). (TK, ilcd) (Entered: 05/18/2007) |
| 06/11/2007 | 155 | POSITION filed as "Request for Modifying the Conditions or Term of Supervision with Consent of the Offender", as to Kevin. Williams regarding Supervised Release. (TK, ilcd) (Entered: 06/11/2007) |
| 06/12/2007 | 156 | AMENDED JUDGMENT Entered by Judge Joe Billy McDade on 6/12/07 as to Kevin. Williams (3).Special Condition of Supervision #8 added.. (TK, ilcd) (Entered: 06/12/2007) |
| 02/13/2008 | 162 | Probation Jurisdiction Transferred to NDIL as to Kevin. Williams Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (TK, ilcd) (Entered: 02/13/2008) |
| 02/13/2008 | 163 | Letter with ECF login and password to NDIL forwarding certified copy of docket sheet and financial records as to Kevin Williams. (TK, ilcd) (Entered: 02/13/2008) |

SEALED

**E-FILED**
Monday, 20 March, 2006 02:31:05 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF ILLINOIS

## AT PEORIA

FILED

MAR 1 6 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 06-10013 |
| ) | VIO: Title 18, United States Code, |
| TYRONE LENARD WILLIAMS, ) | Sections 2251(a) and (e) & 2252A(a)(1). |
| ROBERT LEE WILLIAMS, ) | |
| KEVIN WILLIAMS, ) | |
| SARAH LEEANN SMITH, ) | |
| BRIAN KEITH ISAAC, and ) | |
| DOUGLAS MCKINLEY EVANS, ) | |
| ) | |
| Defendants. ) | |

## SUPERCEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### (Production of Child Pornography)

1.      At all times material to this indictment:

        a.      Defendant Tyrone Lenard Williams, defendant Robert Lee Williams, defendant Kevin Williams, defendant Sarah LeeAnn Smith, defendant Brian Keith Isaac, and defendant Douglas McKinley Evans were personal acquaintances;

        b.      Defendant Tyrone Williams was between 32 and 33 years old; defendant Robert Lee Williams was between 22 and 23 years old; Kevin Williams

was between 24 and 25 years old; defendant Sarah LeeAnn Smith was between 18 and 19 years old; defendant Brian Keith Isaac was between 38 and 39 years old; and defendant Douglas McKinley Evans was between 55 and 56 years old;

       c.    Defendant Tyrone Williams resided on East Douglas Street, Bloomington, Illinois, where he maintained digital and video camera equipment and a computer with an Internet link; and

       d.    Defendant Tyrone Williams occasionally transported the camera equipment  to motel rooms that he rented, and other locations, for the purpose of photographing minors engaged in sexually explicit conduct.

      2.    By offering and providing alcohol and marijuana, defendant Tyrone Williams influenced at least six teenage girls and boys mostly between the ages of 13 and 15 years to join him and his co-defendants in his residence, defendant Douglas McKinley Evans' residence, and in motel rooms he rented.

      3.    Defendant Tyrone Williams and defendant Smith encouraged and persuaded those teenage girls and boys to remove their clothing, to expose their breasts and pubic areas, to allow photographs to be taken of their exposed breasts and pubic areas, to engage in sexual conduct with the defendants (separately and together) and with others, and to allow photographs to be taken while the teenagers engaged in sexually explicit conduct.

      4.    Defendant Tyrone Lenard Williams, defendant Robert Lee Williams, defendant Kevin Williams, defendant Sarah LeeAnn Smith, defendant Brian Keith



Isaac, defendant Douglas McKinley Evans, and others, know and unknown to the Grand Jury, took photographs and videos of minors engaging in sexually explicit conduct and assisted minors to engage in sexually explicit conduct for the purpose of taking photographs.

5.      Beginning in or about December, 2004, and continuing through in or about December, 2005, the exact dates being to the Grand Jury unknown, in McLean County, Illinois, in the Central District of Illinois,

**TYRONE LENARD WILLIAMS,**
**ROBERT LEE WILLIAMS,**
**KEVIN WILLIAMS,**
**SARAH LEEANN SMITH,**
**BRIAN KEITH ISAAC and**
**DOUGLAS MCKINLEY EVANS,**

the defendants herein, did knowingly conspire together, and with other persons known and unknown to the Grand Jury, to employ, use, persuade, induce, entice, and coerce minors to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing and having reason to know that said visual depictions would be transported in interstate commerce, and said visual depictions having been produced using materials that have been mailed, shipped, and transported in interstate and foreign commerce, and said visual depictions having actually been transported in interstate commerce.

3

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT 2
### (Distribution of Child Pornography)

On or about February 8, 2006, in McLean County, in the Central District of

Illinois,

## TYRONE LENARD WILLIAMS,

the defendant herein, knowingly transported and shipped, and knowingly

attempted to transport and ship, in interstate commerce, by means of computer

child pornography -- that is, visual depictions involving the use of a minor

engaging in sexually explicit conduct.

All in violation of Title 18, United States Code, Sections 2252A(a)(1).

**A TRUE BILL**

s/ Foreperson
**Foreperson**

s/ U.S. Attorney

s/ U.S. Attorney
**RODGER A. HEATON**
**UNITED STATES ATTORNEY**

TAK/ms

4

E-FILED
Friday, 23 June, 2006 01:41:37 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT

**FILED**

## CENTRAL DISTRICT OF ILLINOIS

JUN 2 2 2006

### AT PEORIA

**JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 06-10013 |
| | ) | VIO: Title 18, United States Code, |
| TYRONE LENARD WILLIAMS, | ) | Sections 2251(a)and(e) |
| KEVIN WILLIAMS, and | ) | 2251 (a) and 2, |
| SARAH LEEANN SMITH | ) | 2252A(a)(1) and 2 |
| | ) | |
| Defendants. | ) | |

### SECOND SUPERCEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### (Conspiracy to Produce Child Pornography)

1.     At all times material to this indictment:

a.     Defendant Tyrone Lenard Williams, defendant Kevin Williams, and defendant Sarah LeeAnn Smith were personal acquaintances;

b.     Defendant Tyrone Williams was between 32 and 33 years old; Kevin Williams was between 24 and 25 years old; and defendant Sarah LeeAnn Smith was between 18 and 19 years old;

c.     Defendant Tyrone Williams resided on East Douglas Street, Bloomington, Illinois, where he maintained digital and video camera equipment and

a computer with an Internet link; and

       d.    Defendant Tyrone Williams occasionally transported the camera equipment to motel rooms that he rented, and other locations, for the purpose of photographing minors engaged in sexually explicit conduct.

       2.    By offering and providing alcohol and marijuana, defendant Tyrone Williams influenced teenage girls and boys mostly between the ages of 13 and 15 years to join him and his co-defendants in his residence, and in motel rooms he rented.

       3.    Defendant Tyrone Williams and defendant Smith encouraged and persuaded those teenage girls and boys to remove their clothing, to expose their breasts and pubic areas, to allow photographs to be taken of their exposed breasts and pubic areas, to engage in sexual conduct with the defendants (separately and together) and with others, and to allow photographs to be taken while the teenagers engaged in sexually explicit conduct.

       4.    Defendant Tyrone Lenard Williams, defendant Kevin Williams, and defendant Sarah LeeAnn Smith, and others, know and unknown to the Grand Jury, took photographs and videos of minors engaging in sexually explicit conduct and assisted minors to engage in sexually explicit conduct for the purpose of taking photographs.

       5.    Beginning in or about December, 2004, and continuing through in or

about December, 2005, the exact dates being to the Grand Jury unknown, in McLean

County, Illinois, in the Central District of Illinois,

**TYRONE LENARD WILLIAMS,**
**KEVIN WILLIAMS, and**
**SARAH LEEANN SMITH,**

the defendants herein, did knowingly conspire together, and with other persons

known and unknown to the Grand Jury, to employ, use, persuade, induce, entice,

and coerce minors to engage in sexually explicit conduct, as defined in Title 18,

United States Code, Section 2256(2), for the purpose of producing visual

depictions of such conduct, knowing and having reason to know that said visual

depictions would be transported in interstate commerce, and said visual

depictions having been produced using materials that have been mailed,

shipped, and transported in interstate and foreign commerce, and said visual

depictions having actually been transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

### COUNT 2
### (Production of Child Pornography)

On or about December 26 and 27, 2004, in McLean County, in the Central

District of Illinois,

**TYRONE LENARD WILLIAMS,**
**KEVIN WILLIAMS, and**
**SARAH LEEANN SMITH,**

the defendants herein, aiding and abetting each other did use a person under the

3

age of eighteen to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, said visual depictions having been produced using materials that have been mailed, shipped, and transported in interstate and foreign commerce and said visual depictions having actually been shipped and transported in interstate commerce by means of computer.

All in violation of Title 18, United States Code, Sections 2251(a) and 2.

## COUNT 3
### (Production of Child Pornography)

On or about March 28, 2005, in McLean County, in the Central District of Illinois,

### TYRONE LENARD WILLIAMS,

the defendant herein, did use a person under the age of eighteen to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, said visual depictions having been produced using materials that have been mailed, shipped, and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and 2.

## COUNT 4
### (Production of Child Pornography)

On or about April 23, 2005, in McLean County, in the Central District of

4

' Illinois,

**TYRONE LENARD WILLIAMS,**

the defendant herein, did use a person under the age of eighteen to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section

2256(2), for the purpose of producing visual depictions of such conduct, said

visual depictions having been produced using materials that have been mailed,

shipped, and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and 2.

## COUNT 5
### (Production of Child Pornography)

On or about December 11, 2005, in McLean County, in the Central District

of Illinois,

**TYRONE LENARD WILLIAMS,**

the defendant herein, did use a person under the age of eighteen to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section

2256(2), for the purpose of producing visual depictions of such conduct, said

visual depictions having been produced using materials that have been mailed,

shipped, and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and 2.

## COUNT 6
### (Distribution of Child Pornography)

From on or about December 30, 2005, through on or about February 8,

5

2006, in McLean County, in the Central District of Illinois,

### TYRONE LENARD WILLIAMS,

the defendant herein, knowingly transported and shipped, and knowingly

attempted to transport and ship, in interstate commerce, by means of computer

child pornography -- that is, visual depictions involving the use of a minor

engaging in sexually explicit conduct.

All in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2.

**A TRUE BILL**

s/ Foreperson

**Foreperson**

s/Assistant US Attorney
**RODGER A. HEATON**
**UNITED STATES ATTORNEY**

TAK/ms

6

E-FILED
Monday, 08 January, 2007 03:22:12 PM
Clerk, U.S. District Court, ILCD
FILED

JAN - 8 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

🖉AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

___Central___   District of   ___Illinois___

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| **Kevin Williams** | Case Number: 1:06-CR-10013-003 |
| | USM Number: 13513-026 |
| | William Holman |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   2ss

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C.§2251(a) and 2 | Production of Child Pornography | 1/20/2006 | 2ss |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   1s,1ss   ☐ is   ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/4/2007
Date of Imposition of Judgment

s/ Judge Joe B. McDade
Signature of Judge

Joe B. McDade,                                    U.S. District Judge
Name and Title of Judge

Jan. 8, 2007
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: Kevin Williams
CASE NUMBER: 1:06-CR-10013-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12 months and one day on Count 2ss.

☑ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant serve his sentence in a least secure facility as close to his family in Chicago, Illinois, as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.    on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before    p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | | Judgment—Page | 3 | of | 6 |

DEFENDANT: Kevin Williams
CASE NUMBER: 1:06-CR-10013-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

   5 years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
    future substance abuse. (Check, if applicable.)

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☑    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
    student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from ☐ excessive ☒ any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:  Kevin Williams
CASE NUMBER:  1:06-CR-10013-003

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances, or any paraphernalia related to any controlled substances, except as prescribed by a physician. You shall, at the direction of the probation officer participate in a program for substance abuse treatment including not more than six tests per month to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer.

2. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

3. You shall have no contact with any person under the age of 18 except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the probation officer.

4. You shall register with the state sex offender registration agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation office.

5. You shall allow the probation office to conduct periodic unannounced examinations of your computer equipment and residence, which may include retrieval and copying of all data from your computer relating to child pornography to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection.

6. You shall neither possess nor have under your control any material, legal or illegal, that contain nudity or that depicts or alludes to sexual activity or depicts sexually arousing material. This includes, but is not limited to, any material obtained through access to any computer, including a computer for employment purposes, or any material linked to computer access or use.

7. You shall participate in a sex offender treatment program as deemed necessary by the probation office. You shall pay for such services as directed by the U.S. Probation Office. You will submit to physiological testing, including polygraph testing, which may be part of a sex offender treatment program as directed by the U.S. Probation office. You shall pay for such services as directed by the U.S. Probation Office.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT: Kevin Williams
CASE NUMBER: 1:06-CR-10013-003

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ 0.00 | $ _____ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT:  Kevin Williams
CASE NUMBER:  1:06-CR-10013-003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C  (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 1
(NOTE: Identify Changes with Asterisk (*))

E-FILED
Tuesday, 12 June, 2007  02:31:51 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

| Central | District of | Illinois |
|---------|-------------|----------|

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Kevin Williams | Case Number: 1:06-CR-10013-003 |
| | USM Number: 13513-026 |

**Date of Original Judgment:** _1/8/2007_
(Or Date of Last Amended Judgment)

William Holman
Defendant's Attorney

**FILED**
JUN 1 2 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☑ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  _2ss_

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§2251(a) and 2 | Production of Child Pornography | 1/20/2006 | 2ss |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  _1s,1ss_  ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/12/2007
Date of Imposition of Judgment

s/ Joe B. McDade

Signature of Judge
Joe B. McDade,                    U.S. District Judge
Name of Judge                      Title of Judge

_6/12/2007_
Date

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
     ,    Sheet 2 — Imprisonment                                              (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Kevin Williams                          Judgment — Page __2__ of __6__
CASE NUMBER: 1:06-CR-10013-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

12 months and one day on Count 2ss.

☑    The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant serve his sentence in a least secure facility as close to his family in Chicago, Illinois, as possible.

☑    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____    ☐ a.m  ☐ p.m    on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
            Sheet 3 — Supervised Release

|  | Judgment—Page | 3 | of | 6 |

DEFENDANT: Kevin Williams
CASE NUMBER: 1:06-CR-10013-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

   5 years.

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☑ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from ☐ excessive ☒ any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
        Sheet 3C — Supervised Release                                                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Kevin Williams
CASE NUMBER: 1:06-CR-10013-003

Judgment—Page __4__ of __6__

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances, or any paraphernalia related to any controlled substances, except as prescribed by a physician. You shall, at the direction of the probation officer participate in a program for substance abuse treatment including not more than six tests per month to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer.

2. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

3. You shall have no contact with any person under the age of 18 except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the probation officer.

4. You shall register with the state sex offender registration agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation office.

5. You shall allow the probation office to conduct periodic unannounced examinations of your computer equipment and residence, which may include retrieval and copying of all data from your computer relating to child pornography to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection.

6. You shall neither possess nor have under your control any material, legal or illegal, that contain nudity or that depicts or alludes to sexual activity or depicts sexually arousing material. This includes, but is not limited to, any material obtained through access to any computer, including a computer for employment purposes, or any material linked to computer access or use.

7. You shall participate in a sex offender treatment program as deemed necessary by the probation office. You shall pay for such services as directed by the U.S. Probation Office. You will submit to physiological testing, including polygraph testing, which may be part of a sex offender treatment program as directed by the U.S. Probation office. You shall pay for such services as directed by the U.S. Probation Office.

8.* You shall reside for up to 120 days at a community confinement facility designated by the Bureau of Prisons to commence immediately following your release from imprisonment and shall abide by the rules of that facility.

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties                                   (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Kevin Williams                       Judgment — Page **5** of **6**

CASE NUMBER:  1:06-CR-10013-003

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for      ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments                                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Kevin Williams
CASE NUMBER: 1:06-CR-10013-003

Judgment — Page __6__ of __6__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☑ Lump sum payment of $ __100.00__ due immediately, balance due

        ☐   not later than _____ , or
        ☐   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑ Special instructions regarding the payment of criminal monetary penalties:

      * Special Assessment of $100.00 paid in full on 5/1/2007.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.